NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANET L. SMITH,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant - Appellee.

No. 13-35441

D.C. No. 6:12-cv-00033-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted May 6, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and CURIEL,[***] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Gonzalo P. Curiel, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Janet Smith appeals from a district court order affirming the Commissioner's denial of her application for Social Security Disability Insurance benefits. She argues that the Administrative Law Judge ("ALJ") erred by rejecting the opinion of her primary care physician, finding her not credible, rejecting her husband's testimony, and failing to include all of her limitations in a hypothetical question posed to the vocational expert. Alternatively, she seeks remand for the ALJ to consider new evidence. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** A reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Such good cause exists if "new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Smith seeks a remand for the agency to consider a physician's report prepared on March 11, 2011. But the administrative decision did not become final until the Appeals Council denied review of the ALJ's decision on November 10, 2011. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Smith identifies no good cause for her failure to submit the report in the nearly eight months before the agency's final decision.

**2.** The ALJ provided "specific and legitimate reasons . . . supported by substantial evidence" for disregarding the opinion of Smith's primary care physician that Smith was totally and permanently disabled. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). These included Smith's own testimony about her ability to grocery shop, do laundry, unload the dishwasher, make simple meals, take her children to school, and help care for her ailing mother. They also included records from Smith's treating rheumatologist, who consistently described her rheumatoid arthritis symptoms as "trace," "modest," "mild," and "tolerable." The rheumatologist also noted discrepancies between Smith's claimed symptoms and his objective findings. If medical evidence is "susceptible to more than one rational interpretation, we must uphold the ALJ's findings if," as here, "they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**3.** The ALJ did not err in finding Smith's testimony about the severity of her symptoms not credible. "Where, as here, Claimant has presented evidence of an underlying impairment and the government does not argue that there is evidence of malingering, we review the ALJ's rejection of her testimony for specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (footnote and internal quotation marks omitted). The ALJ found Smith's testimony was contradicted by (a) her own description of helping with household chores and

care of children and parents, (b) the rheumatologist's records, (c) records from a second treating specialist who described her condition as "unremarkable," and found she was "doing fairly well," and (d) physical therapy records noting that she could "do most of her usual work," "manage light to medium loads if they are positioned conveniently close to her trunk," and "reach at counter height." *See Molina*, 674 F.3d at 1113.

**4.** Smith's claim that the ALJ did not make a separate finding about her testimony that she has limited mobility in her hands is unavailing. The ALJ's conclusion that Smith had residual functional capacity for "sedentary work" with limited handling and fingering is a specific finding regarding Smith's ability to use her hands.

**5**. The ALJ provided germane reasons for rejecting Smith's husband's testimony that Smith could not work, including contradictory testimony from both the husband and Smith and the rheumatologist's conclusions that Smith's symptoms improved with medication and weight loss. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009); *Bayliss*, 427 F.3d at 1218.

**6.** The ALJ did not err in excluding certain limitations claimed by Smith from the hypothetical posed to the vocational expert. A hypothetical need only include those "limitations that the ALJ found credible and supported by substantial

4

evidence in the record." *Bayliss*, 427 F.3d at 1217. "This is true even where there is conflicting medical evidence." *Magallanes v. Bowen*, 881 F.2d 747, 757 (9th Cir. 1989).

**AFFIRMED.**